UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

DAVID PARKER,

                Plaintiff,        6:13-CV-0668 (DNH/RFT)

    v.

INVESTIGATOR FRED ROBENSKI; DETECTIVE JEFF RACE, Oneida County; FED. PROBATION OFF. REBECCA DOYLE; and JOHN DOE,

                Defendants.

---

APPEARANCES:

DAVID PARKER
Plaintiff pro se
11-B-3540
Cape Vincent Correctional Facility
Route 12E, Box 739
Cape Vincent, NY 13618

OFFICE OF CORPORATION COUNSEL           TIMOTHY A. BENEDICT, ESQ.
    CITY OF ROME                               GERARD F. FEENEY, II, ESQ.
Attorney for Defendants Robenski, Race & Doe
198 North Washington Street
Rome City Hall
Rome, NY 13440

HON. RICHARD S. HARTUNIAN                 CHARLES E. ROBERTS, ESQ.
United States Attorney for the                  Ass't United States Attorneys
    Northern District of New York
Attorney for Defendant Doyle
P.O. Box 7198
100 South Clinton Street
Syracuse, NY 13261

DAVID N. HURD
United States District Judge

**DECISION and ORDER**

Presently pending is a motion for contempt filed by pro se plaintiff David Parker. Dkt. No. 23. Plaintiff claims, inter alia, that police officers in Rome, New York, arrested him without probable cause following a traffic stop on July 20, 2011. He seeks substantial monetary damages.

This complaint was initially filed on June 18, 2012, in the Southern District of New York. On November 16, 2012, District Judge George Daniels directed that the Clerk issue summonses for defendants Rome Police Officers Robenski, Race, and Federal Probation Officer Doyle, directed plaintiff to serve each of them within 120 days of the issuance of the summons, and directed the Rome Corporation Counsel to ascertain the identity of "Police Officer John Doe" and provide that information to both plaintiff and the court so that plaintiff could amend his complaint to name the "John Doe." ECF No. 11. The case was eventually transferred to the Northern District of New York on June 3, 2013.

On August 8, 2013, plaintiff filed a motion for contempt against defendants Robenski and Race in this District pursuant to Federal Rule of Civil Procedure 37 because they failed to comply with Judge Daniels's order to ascertain the identity of the John Doe defendant so that plaintiff could file a second amended complaint, properly naming that individual as a defendant. ECF No. 23. That motion was considered by the undersigned on October 22, 2013. It was found that:

> [i]t is not clear that the Rome Corporation Counsel ever received the order directing him or her to supply plaintiff and the court with the name of the John Doe defendant. If the documents were never sent, the Rome Corporation Counsel cannot be sanctioned for failing to comply. Because of the uncertainty, and without a response by defense counsel, a proper determination of a motion for sanctions cannot be made at this time.

2

ECF No. 27. Service of the amended complaint was ordered by the U.S. Marshal, still naming the John Doe defendant so that the case could proceed; defendants were directed to answer or otherwise respond; and the Rome Corporation Counsel was directed to file a response to plaintiff's Rule 37 motion.[1]

On November 20, 2013, the Rome Corporation Counsel filed an affirmation in opposition to plaintiff's motion for contempt indicating that as of November 16, 2012, no City of Rome defendants had been served with a summons and complaint nor any other document, and the office had not appeared in the matter. ECF No. 36. As such, the office was completely unaware that the action was then pending in the Southern District of New York. Moreover, the office never received Judge Daniels's November 16, 2012, order and was unaware of its existence. Accordingly, the Rome Corporation Counsel maintains that if it did not comply with Judge Daniels's order, it was simply because it never received it and was not aware of it, not because of any intentional act or indifference on behalf of the office or the defendants.

On December 12, 2013, a Text Order was issued, inter alia, directing the Rome Corporation Counsel to comply with Judge Daniels's order regarding the identity of the John Doe defendant by January 3, 2014. ECF No. 39. On January 3, 2014, the Rome Corporation Counsel identified two members of the Rome Police Department who were present on July 20, 2011, during plaintiff's arrest: Rome Police Department Investigator Thomas Yoxall and Rome Police Department Patrolman John Williams. ECF No. 51.

---

[1] The Clerk was directed to forward a copy of the amended complaint, the October 22, 2013 Decision and Order, Judge Daniels's November 16, 2012 order, and plaintiff's Rule 37 motion to the Rome Corporation Counsel.

Federal Rule of Civil Procedure 37(b) provides that the court may impose sanctions on a party who fails "to obey an order to provide or permit discovery."  This rule provides a wide range of discretionary sanctions, including striking a pleading, staying further proceedings, rendering a default judgment, or treating a failure to obey as contempt of court.  Fed. R. Civ. P. 37(b)(2).  The record establishes that the Rome Corporation Counsel never received a copy of Judge Daniels's November 16, 2012, order, although it was intended to be sent by the Southern District of New York, and the office was thus was not aware of the pending action nor that order until the undersigned's October 22, 2013, Decision and Order was sent to that office.  These defendants cannot be sanctioned for failing to comply with an order of which they were not aware through no fault of their own.  Moreover, they have since complied and provided plaintiff with the identity of two John Doe defendants.

Accordingly, a finding of contempt is not warranted and plaintiff's motion will be denied.

Therefore, it is

ORDERED that

Plaintiff's motion for contempt pursuant to Federal Rule of Civil Procedure 37 is DENIED.

The Clerk serve a copy of this Decision and Order on plaintiff by regular mail.

IT IS SO ORDERED.

_____
United States District Judge

Dated:   January 28, 2014
         Utica, New York.