UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
---

DAVID PARKER,

                Plaintiff,                6:13-CV-0668 (DNH/RFT)

    v.

INVESTIGATOR FRED ROBENSKI; DETECTIVE
JEFF RACE, Oneida County; REBECCA DOYLE,
Federal Probation Officer; INVESTIGATOR YOXALL;
POLICE OFFICER WILLIAMS; and ONEIDA COUNTY,

                Defendants.
---

APPEARANCES:

DAVID PARKER
Plaintiff pro se
11-B-3540
Cape Vincent Correctional Facility
Route 12E, Box 739
Cape Vincent, NY 13618

OFFICE OF CORPORATION COUNSEL        TIMOTHY A. BENEDICT, ESQ.
   CITY OF ROME                            GERARD F. FEENEY, II, ESQ.
Attorney for Defendants Robenski, Race,
   Yoxall, & Williams
198 North Washington Street
Rome, NY 13440

HON. RICHARD S. HARTUNIAN             CHARLES E. ROBERTS, ESQ.
United States Attorney for the               Ass't United States Attorney
   Northern District of New York
Attorney for Defendant Doyle
P.O. Box 7198
100 South Clinton Street
Syracuse, NY 13261

KERNAN PROFESSIONAL GROUP LLP    DAVID A. BAGLEY, ESQ.
Attorneys for Defendant Oneida County
1310 Utica Street
P.O. Box 750
Oriskany, NY 13424

DAVID N. HURD
United States District Judge

## MEMORANDUM-DECISION AND ORDER

On June 18, 2012, plaintiff David Parker ("Parker" or "plaintiff"), proceeding pro se, commenced this action alleging violations of his constitutional rights. Plaintiff's claims, brought pursuant to 42 U.S.C. § 1983 and state law, arise from a traffic stop while he was on probation, his ensuing detention, and a search of his home affecting his son. Plaintiff asserts his claims against defendants Investigator Fred Robenski, Detective Jeff Race, Investigator Yoxall, and Police Officer Williams all of the Rome Police Department; Federal Probation Officer Rebecca Doyle; and Oneida County (collectively "defendants").[1]

Defendant Oneida County has filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Rule ___"). Plaintiff opposed and Oneida County replied. Plaintiff also filed a sur-reply without permission which was not considered. The motion is fully briefed and was considered on its submissions without oral argument.

## II. FACTUAL BACKGROUND

The following facts, taken from the complaint, are assumed true for purposes of the motion to dismiss. See Chambers v. Time Warner, Inc., 282 F.3d 147, 152 (2d Cir. 2002).

On July 20, 2011, Parker was intentionally stopped by defendant Police Officer

---

[1] This is plaintiff's Second Amended Complaint.

2

Williams of the Rome Police Department. Officer Williams approached plaintiff's vehicle and asked plaintiff if he knew why he was being pulled over to which plaintiff responded he did not know. Officer Williams responded that Parker's driver's license was suspended. Plaintiff advised that there must be a mistake; he then provided his license and informed Officer Williams that he was on federal probation. Officer Williams returned to his police vehicle with plaintiff's license. At that point, defendants Investigator Robenski and Detective Race approached plaintiff's vehicle with their guns out, despite Officer Williams advising that Parker's license was not suspended. Investigator Robenski and Detective Race ordered plaintiff to exit his vehicle and proceeded to search his person. Defendant Federal Probation Officer Doyle then asked Parker a series of questions regarding his probation and then drove his car away. Plaintiff was thereafter handcuffed and taken to the police station, where his vehicle was also driven. He was never advised why he was arrested despite making multiple inquiries.

Plaintiff was strip searched when he arrived at the police station. Throughout all of the searches, nothing illegal was found. He requested to make a telephone call to an attorney but his request was denied for six hours. He eventually called his fourteen year old son who informed him that the police came to their residence with guns drawn and searched the house and his personal property without presenting a warrant. Plaintiff's son was extremely afraid, humiliated, and experienced extreme anguish.

Parker contends that these acts were part of a conspiracy by defendants to maliciously and deliberately deprive him and his son of their constitutional rights. He asserts the following four causes of action: (1) violations of constitutional rights pursuant to 42 U.S.C. § 1983 based on unconstitutional policies and customs; (2) conspiracy to violate

3

constitutional rights pursuant to 42 U.S.C. § 1983 ; (3) malicious abuse of process; and (4) negligence.

## III. DISCUSSION

Defendant Oneida County argues the second amended complaint must be dismissed because it fails to state a claim upon which relief may be granted.

To survive a Rule 12(b)(6) motion to dismiss for failure to state a claim, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). Although a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), more than mere conclusions are required. Indeed, "[w]hile legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). Dismissal is appropriate only where plaintiff has failed to provide some basis for the allegations that support the elements of his claims. See Twombly, 550 U.S. at 570 (requiring "only enough facts to state a claim to relief that is plausible on its face").

When considering a motion to dismiss, the complaint is to be construed liberally, all factual allegations are to be deemed true, and all reasonable inferences must be drawn in the plaintiff's favor. Chambers, 282 F.3d at 152. These pleading requirements apply to pro se plaintiffs as well as plaintiffs represented by counsel. Wynder v. McMahon, 360 F.3d 73, 79 n. 11 (2d Cir. 2004). However, particular deference should be given to a pro se litigant's complaint when applying the above standard. Erickson v. Pardus, 551 U.S. 89, 94 (2007); see also Green v. United States, 260 F.3d 78, 83 (2d Cir. 2001) ("It is well settled that pro se litigants generally are entitled to a liberal construction of their pleadings, which should be

4

read to raise the strongest arguments that they suggest." (internal quotations omitted)).

To maintain a claim under § 1983, a plaintiff must demonstrate actions taken under color of state law, the deprivation of a constitutional or statutory right, causation and damages. See Roe v. City of Waterbury, 542 F.3d 31, 36 (2d Cir. 2008). When the claim is directed at a municipality as it is here, a plaintiff must also show that "an official policy of the municipality caused the constitutional injury." Id. (citing Monell v. Dep't of Social Servs., 436 U.S. 658, 690–91 (1978)). "The 'official policy' element can only be satisfied where a plaintiff proves that a 'municipal policy of some nature caused a constitutional tort.'" Id. (quoting Monell, 436 U.S. at 691). "[A] municipality may not be found liable simply because one of its employees committed a tort." Bd. of Cnty. Comm'rs v. Brown, 520 U.S. 397, 405 (1997).

Further, it is well-settled in the Second Circuit that "personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." Farid v. Ellen, 593 F.3d 233, 249 (2d Cir. 2010). It is insufficient for a plaintiff to refer collectively to "defendants" without making specific factual allegations against each defendant. Thomas v. Venditto, 925 F. Supp. 2d 352, 363 (E.D.N.Y. 2013); Bertuglia v. City of N.Y., 839 F. Supp. 2d 703, 723 n.4 (S.D.N.Y. 2012).

Oneida County argues the Second Amended Complaint must be dismissed because there are no allegations it was involved in any wrongdoing or committed any constitutional violations. Instead, it contends the allegations are directed entirely at City of Rome police officers and a federal probation officer and none of those officers were in the service or employ of Oneida County. Finally, Oneida County argues there is no other basis for its liability and thus all claims against it must be dismissed.

In his opposition, plaintiff argues that the Second Amended Complaint adequately

5

states § 1983 claims and for the first time alleges that the "Oneida County Prosecutor's Office pursuant to their custom, policy and practice did violate plaintiff's rights which led to a constitutional tort." Pl.'s Opp'n., 1. He contends that the "Oneida County Prosecutor's Office" lacked probable cause for commencing the proceeding against him "with malice, motivation against plaintiff, with regard to initiation requirement for this malicious abuse against plaintiff." Id. He goes on to assert that the "Oneida County Prosecutor's Office" failed to train or supervise its employees not to commit misconduct and that the Office's wrongful conduct violated the Fourth, Eighth, and Fourteenth Amendments. Id. 1–3.

In reply, Oneida County argues that plaintiff's new allegations in his opposition papers regarding the "Oneida County Prosecutor's Office" are not part of the Second Amended Complaint and should not be considered. Further, it contends Parker should not be allowed to amend his pleading to add the additional allegations regarding the "Oneida County Prosecutor's Office" because such amendment would be futile as prosecutors enjoy absolute immunity.

Although plaintiff has alleged a "policy and practice" in the Second Amended Complaint, the only acts alleged in furtherance of any police or practice are those of the City of Rome and/or federal, not County officers. The Second Amended Complaint details the actions of four individual City of Rome police officers, represented by the Rome Corporation Counsel, and one individual federal probation officer, represented by the United States Attorney's Office. There are no facts in the Second Amended Complaint regarding Oneida County's allegedly wrongful conduct as it relates to the individual officers, the traffic stop, or the ensuing detention at the police station, other than the obvious fact that the City of Rome, New York is situated within Oneida County. However, the geographical location of a city is

clearly not a basis on which to impose liability. Plaintiff has not alleged any special relationship between the City of Rome and Oneida County such that Oneida County would have a duty to train and supervise or otherwise control the City of Rome's police officers.

Regarding the search of plaintiff's home, he does allege in the Second Amended Complaint that "[i]t is my contention that a member of Child Protective Services should have been present, as a minimum protection of my son's constitutional rights, secured by the 4th, 8th, & 14th Amendments of the United States Constitution." Pl.'s Opp'n., 2–3. Even reading the Second Amended Complaint liberally, this allegation is conclusory; it does not refer to Oneida County, it alleges no custom or policy or basis for liability, does not explain how Child Protective Services might have provided protection, nor explain any duty owed.

While in his response to the motion to dismiss, Parker argues that the Second Amended Complaint adequately states § 1983 claims against Oneida County by virtue of the "Oneida County Prosecutor's Office," this is the first mention of alleged constitutional deprivations committed by the "Oneida County Prosecutor's Office," which he has not pleaded in the Second Amended Complaint. It is well-established that a party may not use his opposition to a dispositive motion as a vehicle to amend the complaint. See Wright v. Ernst & Young LLP, 152 F.3d 169, 178 (2d Cir. 1998); Salmon v. Blesser, No. 1:13–CV–1037, 2014 WL 1883552, at *8 (N.D.N.Y. May 12, 2014) (D'Agostino, J.). Therefore, any alleged § 1983 claims against the "Oneida County Prosecutor's Office" will not be addressed.

The Second Amended Complaint is bare of specific allegations of a policy or custom of Oneida County and plaintiff cannot use the acts of City of Rome police officers nor a federal probation officer to impose liability vicariously on Oneida County. Nor can Parker add

7

new allegations against the "Oneida County Prosecutor's Office" by virtue of his opposition papers. Accordingly, defendant Oneida County's motion to dismiss the Second Amended Complaint for failure to state a claim will be granted and Oneida County will be dismissed as a defendant.

Therefore, it is

ORDERED that

1. Defendant Oneida County's motion to dismiss the Second Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) is GRANTED; and

2. The Second Amended Complaint is DISMISSED with prejudice as against Oneida County.

IT IS SO ORDERED.

_____
United States District Judge

Dated: October 2, 2014
       Utica, New York.