UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DAVID PARKER,

                              Plaintiff,

        -v-                                                  6:13-CV-668

INVESTIGATOR FRED ROBENSKI; DETECTIVE
JEFF RACE, Oneida County; REBECCA DOYLE,
Federal Probation Officer; INVESTIGATOR
YOXALL; and POLICE OFFICER WILLIAMS,

                              Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

APPEARANCES:                                    OF COUNSEL:

DAVID PARKER
Plaintiff, Pro Se
Allenwood Low Security Institution
P.O. Box 1000
White Deer, PA 17887


OFFICE OF CORPORATION COUNSEL      GERARD F. FEENEY, II, ESQ.
   CITY OF ROME                             TIMOTHY A. BENEDICT, ESQ.
Attorneys for Defendants Robenski, Race,
   Yoxall, and Williams
198 North Washington Street
Rome City Hall
Rome, NY 13440

HON. RICHARD S. HARTUNIAN              CHARLES E. ROBERTS, ESQ.
United States Attorney for the              Ass't United States Attorney
   Northern District of New York
Attorneys for Defendant Doyle
100 South Clinton Street
Syracuse, NY 13261

DAVID N. HURD
United States District Judge

# MEMORANDUM–DECISION and ORDER

## I. INTRODUCTION

On September 26, 2011, plaintiff David Parker ("Parker" or "plaintiff") pleaded guilty in state court to criminal sale of a controlled substance in the third degree and began a five year term of imprisonment on that conviction. Less than a year into this prison sentence, plaintiff filed this pro se civil rights action against the City of Rome Police Department, Investigator Fred Robenski ("Robenski"), Investigator Thomas Yoxall ("Yoxall"), Detective Jeff Race ("Race"), Police Officer Williams ("Williams"), Federal Probation Officer Rebecca Doyle ("Doyle"), and Oneida County. Generally speaking, plaintiff alleges these individuals and entities violated his constitutional rights during the arrest that ultimately led to his plea of guilty.

Parker was permitted to amend his complaint on two occasions and, after Oneida County and the City of Rome Police Department were dismissed from this action, the remaining parties completed discovery.[1] Robenski, Yoxall, Race, Williams, and Doyle (collectively "defendants") have moved for summary judgment pursuant to Federal Rule of Civil Procedure 56. The motions are fully briefed and will be considered on the basis of the submissions without oral argument.

## II. BACKGROUND

The following facts are undisputed unless otherwise noted. On July 14, 2011, the Honorable Daniel C. Wilson, Rome City Court, signed search warrants authorizing the search

---

[1] Parker's claims against the City of Rome Police Department were dismissed on November 16, 2012, after plaintiff was given an opportunity to amend. ECF No. 11. Oneida County was dismissed by Memorandum–Decision & Order dated October 2, 2014. ECF No. 84.

of Parker's person, vehicle, and residence for evidence related to the illegal sale of cocaine.[2]  See Doyle's Motion for Summ. J., Ex. D, ECF No. 101-2, 27-30.[3]  These search warrants were based, in part, on plaintiff's sale of cocaine to confidential informants working in the City of Rome.  Id., Ex. B, ECF No. 101-2, 12-15.

On July 20, 2011, at approximately 3:34 p.m., law enforcement officers with the City of Rome Police Department caught up to Parker while he was driving his vehicle and stopped him so they could execute the search warrants of his vehicle and person.  Plaintiff was transported to the Police Department and later arrested for possession of cocaine.[4]  Benedict Aff., Ex. C, ECF No. 103-1, 28.

On August 17, 2011, a grand jury sitting in Oneida County returned an indictment charging Parker with six counts of felony criminal sale and possession of controlled substances in the third degree, N.Y. Penal Law §§ 220.16, 220.39, as a result of conduct that allegedly occurred on May 12 and 19, 2011.  However, this particular indictment did not charge plaintiff for his alleged possession of any cocaine on July 20, 2011, the date of his arrest.

On September 26, 2011, Parker pleaded guilty before the Honorable Michael L. Dwyer in Oneida County Court to one count of criminal sale of a controlled substance in the third degree in full satisfaction of the six-count indictment against him.  See Doyle's Motion for

---

[2] Parker appears to attempt to dispute existence of the search warrants themselves, see Pl.'s Response to Statement of Material Facts, ECF No. 108, ¶ 5, but has not provided any basis at all on which to dispute the fact of these documents' existence.

[3] Pagination corresponds with that assigned by CM / ECF.

[4] Parker denies being in possession of illegal drugs on July 20, 2011.  See, e.g., Def.'s Mem. Opp'n, ECF No. 109, 6 ("Plaintiff was not in possession of any illegal drugs on July 20, 2011.").

Summ. J., Ex. G, ECF No. 101-3, 23-31 ("Transcript"). As relevant here, plaintiff admitted to selling cocaine in the City of Rome on May 12, 2011 to a cooperating witness who was working with the Rome Police Department. Id. at 24, 27-28. Notably, plaintiff's plea was also in full satisfaction of the cocaine possession charge resulting from his July 20, 2011 arrest:

> THE COURT: Mrs. Paolozzi, for the record, would that plea to the first count be in full satisfaction of [the indictment]?
>
> MRS. PAOLOZZI: Yes, your honor. I believe that's also in satisfaction of an unindicted matter.
>
> THE COURT: That's correct. You have information as to what other charge it is in satisfaction of? I don't have that paperwork in front of me.
>
> MR. NEBUSH: Yes, your Honor. [Defendant] has a criminal possession of a controlled substance in the third degree, Class B felony. The incident took place on July 20th, 2011, at 3:34 p.m.
>
> . . . .
>
> THE COURT: Mr. Garramone has indicated that would – this would be in satisfaction of that. Okay.

Transcript 28-29. At the time, plaintiff admitted that "I was wrong. I committed my crime. I'm willing to do my time." Id. at 30.

## III. DISCUSSION

Notwithstanding his apparent contrition, Parker then filed this action seeking damages for alleged civil rights violations that occurred during his arrest on July 20, 2011.[5] In particular, plaintiff's operative complaint appears to allege that the various named

---

[5] Parker's allegations against Doyle are construed as a Bivens claim. See Feldman v. Lyons, 852 F. Supp. 2d 274, 278 (N.D.N.Y. 2012) (construing pro se plaintiff's § 1983 claim against federal agents as one made pursuant to Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971), which provides an implied private cause of action for damages against federal officers who violate a citizen's constitutional rights).

- 4 -

defendants: (1) falsely arrested and imprisoned him; (2) maliciously abused the legal process in pursuit of a conviction; and (3) conspired to violate his constitutional rights.[6]

### A. Legal Standards

#### 1. False Arrest / False Imprisonment

"To establish a claim under § 1983 for false arrest a plaintiff must show that: (1) the defendant intended to confine the plaintiff; (2) the plaintiff was conscious of the confinement; (3) the plaintiff did not consent to the confinement; and (4) the confinement was not otherwise privileged." Jackson v. City of New York, 939 F. Supp. 2d 235, 248 (E.D.N.Y. 2013).

#### 2. Malicious Abuse of Process

To establish a claim under § 1983 for malicious abuse of process, a plaintiff must show the defendant: "(1) employ[ed] regularly issued legal process to compel performance or forbearance of some act, (2) with intent to do harm without excuse or justification, and (3) in order to obtain a collateral objective that is outside legitimate ends of process." Savino v. City of New York, 331 F.3d 63, 76 (2d Cir. 2003) (citation omitted).

#### 3. Conspiracy

"To establish a § 1983 conspiracy, plaintiff must prove '(1) an agreement between two or more state actors or between a state actor and a private entity; (2) to act in concert to inflict an unconstitutional injury; and (3) an overt act done in furtherance of that goal causing

---

[6] Parker's operative complaint also uses the phrase "excessive force" in passing, but a thorough review of the document's factual narrative indicates plaintiff has not plausibly alleged such a claim. Likewise, plaintiff's final count—entitled "Negligence"—levels allegations at Oneida County and the City of Rome Police Department, two parties who have already been dismissed from this action.

damages.'" Mitchell v. County of Nassau, 786 F. Supp. 2d 545, 564 (E.D.N.Y. 2011) (quoting Pangburn v. Culbertson, 200 F.3d 65, 72 (2d Cir. 1999)).

### B. Parker's Claims

Defendants assert all of Parker's claims are barred by the Supreme Court's decision in Heck v. Humphrey, 512 U.S. 477 (1994), which precludes a criminal defendant convicted in state court from prevailing in a civil claim for damages if such relief would necessarily imply the unlawfulness of the underlying conviction and sentence.

### 1. Heck's Bar

Defendants are only partially correct. Where, as here, "a state prisoner seeks damages in a § 1983 suit, the district court must consider whether judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." Heck, 512 U.S. at 487; see also Tavarez v. Reno, 54 F.3d 109, 110 (2d Cir. 1995) (applying Heck to Bivens claims).

A careful review of Parker's opposition memorandum reveals that he is attempting to challenge the lawfulness of the law enforcement officers' underlying investigation into the cocaine sales, including their procurement of search warrants for plaintiff's vehicle, residence, and person based on the controlled drug purchases. See, e.g., Def.'s Mem. Opp'n at 1 ("Defendants undertook an[ ] illegal investigation from false information from there [*sic*] informant."). Indeed, plaintiff's memorandum outlines a lengthy challenge to whether the information obtained from the confidential informant was a sufficient basis on which to issue the search warrants at all. Id. at 3.

In sum, the crux of these claims is that the various defendants conspired and abused the legal process in an effort to convict plaintiff of drug crimes, including the unlawful drug-related conduct on May 12 to which he pleaded guilty. Because he admits that his state court conviction based at least in part on these events has not been overturned, granting Parker relief on his malicious abuse of process and conspiracy claims would impugn the validity of his state court conviction and therefore those claims are barred by Heck. See Houston v. City of New York, 2013 WL 1310554, at *5 (E.D.N.Y. Mar. 28, 2013) (concluding malicious abuse of process claim was Heck-barred); Zarro v. Spitzer, 274 F. App'x 31, 34 (2d Cir. 2008) (summary order) (concluding same where § 1983 claims rested "on the alleged illegality of the entire investigation and prosecution of this case" and noting that granting relief under those circumstances "would require finding that the prosecutor acted without legal authority, without probable cause, or in violation of [p]laintiff's constitutional rights" and would "necessarily impugn the validity" of his conviction); Cruz v. Reilly, 2009 WL 2567990, at *4-7 (E.D.N.Y. Aug. 18, 2009) (dismissing § 1983 conspiracy claims as, inter alia, Heck-barred and collecting cases). Accordingly, plaintiff's malicious abuse of process and conspiracy claims must be dismissed.

### 2. **False Arrest and Imprisonment**[7]

However, "[t]he Heck doctrine barring a Section 1983 claim does not extend to plaintiff's false arrest suit." Glasgow v. Beary, 2 F. Supp. 3d 419, 427 (E.D.N.Y. 2014) (Weinstein, S.J.) (citations omitted); see also Poventud v. City of New York, 750 F.3d 121, 132 (2d Cir. 2014) (en banc) ("When a plaintiff is unlawfully arrested without probable cause,

---

[7] Causes of action for false arrest and false imprisonment are analytically identical claims. See, e.g., Mitchell v. Home, 377 F. Supp. 2d 361, 371 (S.D.N.Y. 2005).

- 7 -

his § 1983 claim accrues before any conviction."); Covington v. City of New York, 171 F.3d 117, 123 (2d Cir. 1999) ("[A] wrongful arrest claim, like many Fourth Amendment claims, does not inevitably undermine a conviction because a plaintiff can wage a successful wrongful arrest claim and still have a perfectly valid conviction." (quoting Washington v. Summerville, 127 F.3d 552, 556 (7th Cir. 1997)).

Parker's false arrest claim is premised on the events of July 20, 2011. There, defendants stopped plaintiff's vehicle pursuant to the search warrants and transported him to the police station in the back of a police car. Upon arrival, defendants searched the back of the police car, discovered a small bag of cocaine, and arrested plaintiff for possession of its contents. Plaintiff claims he was falsely arrested that day—claiming he "was not in possession of any illegal drugs on July 20, 2011." Def.'s Mem. at 6.

Of course, "[t]he existence of probable cause is a complete defense to a § 1983 claim for false arrest." Jackson, 939 F. Supp. 2d at 248. Generally, "[p]robable cause to arrest exists when the arresting officer has knowledge or reasonably trustworthy information of facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that the person to be arrested has committed or is committing a crime." Gaston v. City of New York, 851 F. Supp. 2d 780, 787 (S.D.N.Y. 2012).

Importantly, however, probable cause for an arrest may also be established as a matter of law as the result of a guilty plea. Chillemi v. Town of Southampton, 943 F. Supp. 2d 365, 376 (E.D.N.Y. 2013) ("[A] conviction based on a voluntary plea of guilty . . . establishes probable cause, thereby precluding a subsequent claim of false arrest and false imprisonment."); see also Desir v. Desena, 2013 WL 678186, at *3 (E.D.N.Y. Feb. 24, 2013) (collecting cases). Indeed, this retroactive application of probable cause extends

to all claims resolved by virtue of such a plea. See, e.g., Harris v. City of New York, 2013 WL 4858333, at *6 (E.D.N.Y. Sept. 10, 2013) (concluding plaintiff's false arrest claim was completely barred where guilty plea was in satisfaction of charges in an indictment as well as in a separate criminal complaint originating from the arrest plaintiff sought to challenge).

In other words, Parker's plea of guilty to count one of the indictment in satisfaction of both the remaining charges in that instrument as well as the unindicted charges related to the July 20, 2011 arrest preclude him from bringing a false arrest claim premised on any of those events. See Horvath v. City of New York, 2015 WL 1757759, at *3 (E.D.N.Y. Apr. 17, 2015) (finding false arrest claims based on two different arrests barred by plaintiff's guilty plea "in full satisfaction" of all pending charges); Lluberes v. City of Troy, 2014 WL 1123413, at *15 (N.D.N.Y. Mar. 21, 2014) (Hummel, M.J.) (concluding same where plaintiff pleaded guilty to certain charges "in full satisfaction of the charges" that stemmed from two different arrests). Accordingly, plaintiff's false arrest and imprisonment claims must also be dismissed.[8]

## IV. CONCLUSION

Because he pleaded guilty in full satisfaction of all the charges pending against him, Parker's false arrest claim fails as a matter of law. Likewise, because he not successfully overturned or otherwise invalidated the state conviction resulting from that plea, plaintiff's remaining § 1983 and Bivens claims are barred by Heck.

Therefore, it is

---

[8] To the extent Parker attempts to assert a § 1983 claim regarding the reasonableness of the execution of the search warrant of his residence (an event for which he was not present) by alleging that the officers arrived with guns drawn, frightening his son, that claim must also fail. See Bolden v. Village of Monticello, 344 F. Supp. 2d 407, 419 (S.D.N.Y. 2004) ("In executing a search warrant for drugs, as in this case, it is reasonable for police officers to enter a residence with guns drawn to secure the area and prevent harm to themselves or others.").

ORDERED that

1. Defendant Doyle's motion for summary judgment is GRANTED;

2. Defendant Robenski, Yoxall, Race, and Williams's motion for summary judgment is GRANTED; and

3. Parker's complaint is DISMISSED.

The Clerk of the Court is directed to enter a judgment accordingly and close the file.

IT IS SO ORDERED.

_____
United States District Judge

Dated: July 1, 2015
　　　　Utica, New York.